**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH RICHARD COOPER, | ) | Case No. 1:26-mc-16 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE DEWINE, Governor, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner Keith Richard Cooper, an Ohio prisoner incarcerated in the Richland Correctional Institution, filed this motion for a pardon under 28 U.S.C. §§ 1495 and 2513 and Section 2967.02 of the Ohio Revised Code. On September 29, 2020, Mr. Cooper was convicted in State court of one count of rape and one count of sexual battery. He was sentenced to eight years on the rape charge and four years on the sexual battery charge, to be served consecutively. He exhausted his direct appeals and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Cooper v. Black*, No. 5:24-cv-25 (N.D. Ohio Feb. 21, 2025) (Pearson, J.). On February 21, 2025, the Court denied his petition as time barred.

In this action, Petitioner asks the Court to pardon him or grant him clemency from his conviction by claiming he is innocent and the victim of "vigilantes, . . . a rogue court, and a seriously biased Common Pleas Court Judge." (ECF No. 1-2, PageID #19.)

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under 28 U.S.C. § 1915(e), however, the district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched

as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Petitioner has not established a basis for the Court's subject matter jurisdiction.  28 U.S.C. § 1495 gives the United States Court of Federal Claims jurisdiction to render judgment on any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.  28 U.S.C. § 1495.  28 U.S.C. § 2513 clarifies that any person suing under Section 1495 must allege and prove that his conviction was reversed or set aside on the ground that he is not guilty of the federal offense of which he was convicted.  28 U.S.C. § 2513(a)(1).  Petitioner was not convicted of a federal offense.  Nor has he brought suit in the the United States Court of Federal Claims.  These statutes are wholly irrelevant to Petitioner, who is a State prisoner convicted of offenses under Ohio law.  Further, Section 2967.02 of the Ohio Revised Code grants the Ohio Governor the authority to grant a pardon after conviction.  It does not provide that authority to a United States District Court.

For all these reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

3

Dated:  May 4, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio